```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ALICE K. ANGINO, and                :
ANGINO & ROVNER, P.C.,
    Plaintiffs
                                              :

    vs.                            :    CIVIL NO. 1:CV-04-2673

THE NATIONWIDE MUTUAL FIRE         :
INSURANCE COMPANY,
    Defendant                      :


M E M O R A N D U M

I. Introduction

    We are considering the Plaintiffs' motion for partial summary judgment. The Plaintiffs, Alice K. Angino and Angino & Rovner, P.C., filed a complaint alleging breach of contract by the Defendant, Nationwide Insurance Company.[1] This action arises as a result of flood water damage sustained by the buildings that house Angino & Rovner's offices. The Defendant insures the property under the National Flood Insurance Program.

II. Standard of Review

    Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] The complaint originally included a second allegation of bad faith. However, that count was dismissed without prejudice by stipulation on February 22, 2005.

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986).  In reviewing the evidence, facts and inferences must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 553 (1986).  Summary judgment must be entered in favor of the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  475 U.S. at 586-87, 106 S. Ct. at 1356, 89 L. Ed. 2d at 552 (citations omitted).  Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. *Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993).

III.  Facts

Douglas Branham, an employee of Colonial Claims, adjusted the loss associated with the Plaintiffs' main building and carriage house for Nationwide.  The loss for the main building was adjusted at $30,867.57 less $6,120.07 in deductible and depreciation, for an estimated loss of $24,747.50. He adjusted the carriage house loss at $28,204.66 less $5,235.79 in deductible and depreciation, for an estimated loss of $22,968.87.  However, Lewis Robinson, also an employee of Colonial Claims, adjusted the carriage house loss at $23,928.23 less $7,373.27 in deductible and depreciation, for an estimated loss of $16,544.96. (Doc. 40, Def.

Opp. Brief, Ex. A).  Nationwide must pay for covered losses under the policy.  Covered losses include loss due to flooding.

IV.   Discussion

The Plaintiffs seek partial summary judgment on the issue of damages.  They contend that since Branham, the Defendant's adjustor, has set the total loss incurred by the Plaintiffs at $47,716.37, a jury would not be allowed to award less than this amount.  Plaintiffs argue that they are entitled to a judgment of at least this amount because they have complied with the insurance policy's terms and because flooding is a covered loss under the policy.  The Defendant maintains that summary judgment is not appropriate because partial summary judgment is not available for only a part of a claim.  Nationwide also contends that there is a genuine dispute of material fact as to the damages.

The Plaintiffs want us to make a finding on a portion of their breach of contract claim.  However, we must agree with the Defendant that Federal Rule of Civil Procedure 56 "does not contemplate a summary judgment for a portion of a single claim in a suit." *Coffman v. Federal Laboratories, Inc.*, 171 F.2d 94, 98 (3d Cir. 1949)(internal quotation and citation omitted); *Connelly v. Wolf, Block, Schorr, and Solis-Cohen*, 463 F. Supp. 914, 919 (E.D.Pa. 1978)("The Federal Rules of Civil Procedure do not provide for partial summary judgment for a portion of a single

3

claim."); *Testa v. Janssen*, 492 F. Supp. 198, 204 (W.D.Pa. 1980)("The Federal Rules of Civil Procedure do not authorize partial summary judgment for a portion of a single claim."); *New Jersey Auto. Ins. Plan v. Sciarra*, 103 F. Supp. 2d 388, 396 (D.N.J. 1998)("Nothing in [Rule 56] can be read to allow partial summary judgment on only one portion of a claim.").

We further note that it is clear to us that the dispute in this case centers around whether Nationwide has breached its contract with the Plaintiffs and, if so, the amount any insurance payment should be.  Contrary to Plaintiffs' assertions that they have complied with the terms of the policy and that their loss is covered, the nature and amount of liability have yet to be determined.  While the Defendant agrees that it has to pay for covered losses, it disputes what is covered under the policy.  At this stage there are clearly material facts that remain in dispute.

We will enter an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 11, 2006

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ALICE K. ANGINO, and              :
ANGINO & ROVNER, P.C.,
         Plaintiffs               :

         vs.                      :     CIVIL NO. 1:CV-04-2673

THE NATIONWIDE MUTUAL FIRE        :
INSURANCE COMPANY,
         Defendant                :
```

O R D E R

AND NOW, this 11th day of January, 2006, it is ordered that the Plaintiffs' motion for partial summary judgment (doc. 37) is denied.

```
                             /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge
```